IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-342-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MONTREL DEMONTRIO ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reconsideration of judgment (DE 151). The issues raised are ripe for ruling.

On August 1, 2023, the court sentenced defendant to 168 months' imprisonment following his convictions for conspiracy to distribute methamphetamine, and distribution of same. The court ordered the sentence to run consecutively to a North Carolina sentence defendant was then serving. In the instant motion, defendant requests that the court reduce his sentence due to unspecified health issues and to provide care and support for his son.

The court construes defendant's motion as seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603,

132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and that the factors in 18 U.S.C. § 3553(a) "merit a reduction." 18 U.S.C. § 3582(c)(1)(A); United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

Here, neither defendant's unspecified medical issues nor his plans to care for his son qualify as extraordinary and compelling reasons for a sentence reduction. See U.S.S.G. § 1B1.13(b) (defining extraordinary and compelling reasons for compassionate release). If defendant believes he meets criteria for compassionate release under U.S.S.G. § 1B1.13(b), then he should first request that the Federal Bureau of Prisons ("FBOP") file a motion on his behalf. See 18 U.S.C. § 3582(c)(1)(A). In the event the FBOP declines to do so, he may file renewed motion in this court with supporting documentation.

Based on the foregoing, the motion for reconsideration (DE 151), construed as a motion for compassionate release, is DENIED without prejudice.

SO ORDERED, this the 8th day of August, 2024.

LOUISE W. FLANAGAN
United States District Judge