IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-342-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MONTREL DEMONTRIO ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's correspondence (DE 159) requesting information about sentencing credits for his time in pretrial detention, and whether he qualifies for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines. Amendment 821 is not applicable to defendant where he is not a zero-point offender and he did not receive additional criminal history points (referred to as "status points") for committing the instant offense while on supervised release, probation, or parole for another offense. See U.S.S.G. app. C supp., amend. 821 (2023).

With respect to defendant's sentence calculation, the Federal Bureau of Prisons is responsible for calculating defendant's release date in the first instance, and as a result any questions regarding that calculation should be directed to pertinent officials at defendant's correctional institution.[1] The court notes, however, that federal defendants are not always entitled to pretrial custody credit for the entire period from indictment to sentencing. In particular, if the time period was credited previously to a state sentence, then defendant cannot receive double credit

[1] If defendant disagrees with the FBOP's sentence calculation, then he may challenge the calculation in federal court by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Such petitions must be filed in defendant's district of confinement after exhaustion of administrative remedies. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004); Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2021).

toward the federal sentence. See 18 U.S.C. § 3585(b).

Accordingly, to the extent defendant is seeking a sentence reduction or application of specific time credits to his federal sentence, his motion (DE 159) is DENIED

SO ORDERED, this the 30th day of July, 2026.

LOUISE W. FLANAGAN
United States District Judge